

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| INTERNATIONAL ASSOCIATION OF HEAT & FROST INSULATORS AND ALLIED WORKERS, LOCAL 5,<br><br>        Petitioner,<br><br>  v.<br><br>NATIONAL LABOR RELATIONS BOARD,<br><br>        Respondent. | No.   19-70585<br><br>NLRB No. 21-CA-139031<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
National Labor Relations Board

Submitted May 11, 2020[**]
San Francisco, California

Before: THOMAS, Chief Judge, and FRIEDLAND and BENNETT, Circuit
Judges.

    International Association of Heat & Frost Insulators and Allied Workers,

Local 5, ("HFIAW") petitions for review of a decision of the National Labor

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Relations Board dismissing an unfair labor practice complaint against Coastal Marine Services, Inc. We have jurisdiction pursuant to 29 U.S.C. § 160(f), and we deny the petition. Because the parties are familiar with the history of this case, we need not recount it here.

"This court upholds decisions of the NLRB 'if its findings of fact are supported by substantial evidence and if the Board correctly applied the law,' and defers to any 'reasonably defensible' interpretation of [the National Labor Relations Act ("NLRA")]." *Int'l Union of Operating Eng'r Local 501 v. NLRB*, 949 F.3d 477, 479 (9th Cir. 2020) (quoting *Retlaw Broad. Co. v. NLRB*, 53 F.3d 1002, 1005 (9th Cir. 1995)).

1.      The NLRB acted within its discretion in declining to entertain arguments not raised by its General Counsel, including HFIAW's arguments that the Federal Arbitration Act does not apply to the Coastal Marine employment agreement, that the agreement violates the NLRA by prohibiting other protected activity such as strikes and leafleting, and, to the extent that such an argument was made, that federal and state law may provide independent grounds for invalidating the agreement. *See Kimtruss Corp. & Local Union No. 3-433 of Int'l Woodworkers of Am.*, 305 N.L.R.B. 710, 711 (1991) ("It is settled that a charging party cannot enlarge upon or change the General Counsel's theory" of a case.); *see*

*also Int'l Ass'n of Machinists & Aerospace Workers v. Lubbers*, 681 F.2d 598, 602 (9th Cir. 1982) (explaining that 29 U.S.C. § 153(d) "vests in the General Counsel exclusive prosecutorial authority over unfair labor practices").

      2.      The NLRB did not err in dismissing the complaint in light of the Supreme Court's decision in *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612 (2018). The NLRB's General Counsel brought and litigated this case on the grounds that Coastal Marine's employment agreement was unlawful under the Board's decision in *Murphy Oil USA, Inc.*, 361 N.L.R.B 774 (2014). *Epic Systems* overruled the Board's holding in *Murphy Oil*. *See Epic Systems*, 138 S. Ct. at 1619. The agreement at issue in this case is no broader in scope than those at issue in *Epic Systems*, and HFIAW's efforts to distinguish this case are unavailing.

      For these reasons, we deny the petition for review.

      **PETITION DENIED.**